UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES A. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-0281 |
| | ) | Judge Trauger |
| WARDEN TONY PARKER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM and ORDER

On March 23, 2009, defendants FMC-MTC Medical, d/b/a First Medical Management (FMC-MTC), and Corrections Corporation of America (CCA) removed this action under 28 U.S.C. § 1441(a) from the Davidson County Circuit Court to the United States District Court for the Middle District of Tennessee. (Docket Entry No. 1)

On May 27, 2009, defendants Dotson, Reece-Gardner, and CCA[1] moved to dismiss under Rule 12(b)(3), Fed. R. Civ. P. and 28 U.S.C. § 1406(a) for improper venue or, in the alternative, to sever the claims in accordance with Rule 21, Fed. R. Civ. P, and to transfer the action against them to the United States District Court for the Western District of Tennessee in accordance with 28 U.S.C. § 1406(a). (Docket Entry No. 19)

On June 1, 2009, defendants Parker, Phillips, Williams, Morrow, and Wilson also moved to dismiss under Rule 12(b)(3) for improper venue.  (Docket Entry No. 20)  They too moved in the alternative under Rule 21 to sever the claims, and to transfer the action under 28 U.S.C. § 1404 against defendants Parker, Phillips, and Williams to the Western District, and to transfer the action

---

[1] The plaintiff named defendants Dotson, Reece-Gardner, and CCA in connection with events that are alleged to have occurred at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee.  WCF is in the Western District.

against defendants Morrow and Wilson to the United States District Court for the Eastern District of Tennessee.[2]

Defendant FMC-MTC, named as a defendant in connection with events that are alleged to have occurred at WTSP and SETSRCF, has not responded to the motions.  Under the local rules of court, defendant FMC-MTC had ten (10) days to do so.  Rule LR7.01(a), Local Rules of Court.  Because defendant FMC-MTC has not responded within the time frame required under the local rules, defendant FMC-MTC is deemed not to oppose the motions.  *Id.*

In his response to the defendants' motions, the plaintiff "joins" the defendants' motions to transfer, "provided that claims against all Defendants, including First Medical Management, are transferred to the U.S. District Court for the Western District of Tennessee." (Docket Entry No. 22, p. 1)  The plaintiff argues against dismissal because the defendants, not he, chose to file the removal action in the Middle District.  More particularly, the plaintiff argues that he "should not be prejudiced by Defendants' erroneous selection of proper venue." (Docket Entry No. 22, p. 1)

The court turns first to the defendants' motion to dismiss under Rule 12(b)(3) for improper venue.  Having properly removed this action under § 1441(a) from state court to the district court, the defendants now argue that venue is improper.

Although decided in the context of a diversity action, *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 534-35 (6th Cir. 2002) and *Azarm v. $1.00 Stores, Services, Inc.*, 2009 WL 1588668 at * 2 (M.D. Tenn. June 5, 2009)(Trauger, J.) are instructive on the issue.  *Kerobo* and *Azarm* both stand for the proposition that, having properly removed an action from state court to the

---

[2] The plaintiff names defendants Parker, Phillips, and Williams in connection with events that are alleged to have occurred at the West Tennessee State Penitentiary (WTSP) in Henning, Tennessee, and defendants Morrow and Wilson with events that are alleged to have occurred at the Southeastern Tennessee State Regional Correctional Facility (SETSRCF) in Pikeville, Tennessee.  WTSP is in the Western District, and SETSRCF is in the Eastern District.

2

district court under § 1441(a), a defendant may not then seek to have the action dismissed under Rule 12(b)(3) for improper venue.

Even if it were later determined that *Kerobo* and *Azarm* do not apply in this non-diversity action, the defendant's motion to dismiss still is with merit. Specifically, although the defendants' analysis under 28 U.S.C. § 1391(b) is correct insofar as it goes, the defendants have neglected to take into consideration the venue statute as it pertains to corporate defendants, *i.e.*, 28 U.S.C. § 1391(c).

Venue as to the "individuals" who are named as defendants in this action is governed by § 1391(b), which provides the following:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

However, venue as to the corporate defendants named in this action is governed by § 1391(c). Section 1391(c) provides the following:

> For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction . . . .

3

Because defendant CCA is a corporation with its headquarters in Nashville, and therefore subject to personal jurisdiction in the Middle District, venue in the action against defendant CCA is proper in the Middle District under § 1391(c). Because venue in the action against defendant CCA is proper in the Middle District under § 1391(c), venue as to the other defendants is proper in the Middle District under § 1391(b)(1).

For the reasons explained above, the defendants' motions to dismiss for improper venue (Docket Entry No. 19-20) are **DENIED**.[3]

The court turns next to the defendants' motions to sever and transfer the actions against them to another district. Under Rule 20, Fed. R. Civ. P., defendants may be joined in a single action if:

> Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and . . . any question of law or fact common to all defendants will arise in the action.

*Id.* at §§ (a)(2)(A)-(B). The complaint does not assert a right to relief against the defendants jointly or severally, nor do the alleged events that gave rise to this action – which occurred at three different prisons in two different districts – constitute a same transaction or occurrence, or series of transactions or occurrences. Consequently, under Rule 20, the defendants, named in connection with events alleged to have occurred separately at WTSP, SETSRCF, and WCF, were improperly joined

---

[3] The court notes for the record that the plaintiff's argument that he "should not be prejudiced by Defendants' erroneous selection of proper venue" also is without merit. In his response to the motions before the court, the plaintiff notes that he "originally filed suit in the Chancery Court for Davidson County . . . for purposes of tolling the statute of limitations on his claims . . . [and that the] . . . removal action could have been filed in the Western District but was not." (Docket Entry No. 22, p. 1) Section 1441(a) states unambiguously that "any civil action brought in a State court . . . may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." In other words, because the plaintiff filed this action in the Davidson County Chancery Court, the defendants were required § 1441(a) to remove the action to this court. *See Kerobo*, 285 F.3d at 534-35.

in this single action.  The next question is whether severance is appropriate.

Under Rule 21, Fed. R. Civ. P., the district court has wide discretion in deciding whether to dismiss a party from a civil action for reasons of misjoinder.  *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008)).[4]  Rule 21 currently reads as follows:

> Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

*Id*.  Although the current version of Rule 21 quoted above does not provide specifically that the court may sever claims against a party and order those claims to proceed separately, as shown in n. 4 below,[5] the court may do just that.

Given that the parties were improperly sued together in this action, the court finds that severance is warranted, and that the actions against these defendants should proceed separately. *Id*. The final question is whether transfer is warranted and, if so, to which district.

Although venue is technically proper in the Middle District, the Middle District is the least appropriate venue in this action.  Of the nine defendants, only defendant CCA is amenable to suit in the Middle District, and none of the alleged events that gave rise to this action occurred here.  On the other hand, all of the defendants are amenable to suit in either the Western District or the Eastern

---

[4]  The district court's decision to drop a misjoined party pursuant to Rule 21 will be affirmed absent an abuse of discretion.  *Letherer*, 328 F.3d at 266-67 (citing *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998)).

[5]  "The language of Rule 21 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only." Rule 21, Fed. R. Civ. P., Advisory Committee Notes, 2007 Amendment.  The prior version of Rule 21 read as follows: "Misjoinder of parties is not ground for dismissal of an action.  Parties may be dropped or added by order of the court on motion or any party or of its own initiative at any stage of the action and on such terms as are just.  ***Any claim against a party may be severed and proceeded with separately***."  (Emphasis added)

District. Moreover all of the alleged events that gave rise to this action occurred in either the Western District or the Eastern District.

For the reasons explained herein, the defendants' motions to sever and transfer (Docket Entry No. 19-20) are **GRANTED** in the interest of justice, and for the convenience of the parties and witnesses. 28 U.S.C. §§ 1404(a); 1406(a). The claims against defendant FMC-MTC will be severed and transferred as well. Rule 21, Fed. R. Civ. P.

The Clerk is **DIRECTED** to transfer the claims pertaining to defendants Dotson, Reece-Gardner, and CCA to the United States District Court for the Western District of Tennessee, Eastern Division for the events alleged to have occurred at WCF, and to transfer those claims pertaining to defendants Parker, Phillips, Williams, and FMC-MTC to the United States District Court for the Western District of Tennessee, Western Division for the events alleged to have occurred at WTSP. 28 U.S.C. §§ 123(c)(1)-(2). The Clerk is further **DIRECTED** to transfer the claims against defendants Morrow, Wilson, and FMC-MTC to the United States District Court for the Eastern District of Tennessee, Southern Division for the events alleged to have occurred at SETSRCF. 28 U.S.C. § 123 (a)(3).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge